**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN CARROLL, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Civil Action No. |
| CRÈME DE LA CRÈME, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Jonathan Carroll, individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Crème de la Crème, Inc. ("Defendant"), and alleges as follows based on personal knowledge as to himself, on the investigation of his counsel and the advice and consultation of certain third-party agents as to technical matters, and on information and belief as to all other matters, and demands trial by jury:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which was recently selected by major national corporations as a "pilot testing site" for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias," 740 ILCS 14/5(b) – the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or his biometric identifiers or information, *see id.*; and (4) publishes publically available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly

prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.     In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the fingerprints and associated personally identifying information of thousands of Illinois residents whose children are, or were in the past, enrolled in daycare, preschool, kindergarten and/or an after-school program at one of Defendant's several Illinois-based learning facilities. Initially collected from parents and guardians during Defendant's child-enrollment process, these fingerprints are stored by Defendant in an electronic database and used to provide parents and guardians easy and purportedly secure access to their children. Specifically, when an individual attempts to pick up a child from one of Defendant's facilities in Illinois, Defendant collects (via a scanning device located in the entranceway of the facility) the individual's fingerprint. The individual is only granted access to the secure portion of the facility where the children are located if the collected fingerprint matches a fingerprint stored in Defendant's database that was collected during enrollment.

5.     Upon information and belief, Defendant is also violating § 15 (e) by failing to protect from disclosure individuals' biometrics by applying a reasonable standard of care within its industry and in a manner at least as protective as the manner in which Defendant stores, transmits and protects other confidential and sensitive information.

6.     Further, upon information and belief, Defendant is selling, leasing, trading or otherwise profiting from individuals' biometrics in violation of § 15 (c)

7.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the parents and guardians to whom these sensitive biometric identifiers belong could have their identities stolen or, worse yet, could have their child stolen from

Defendant's facility. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their child's disenrollment. Yet Defendant never adequately informed anyone of its biometrics collection practices, never obtained written consent from anyone regarding its biometric practices, and never provided any data retention or destruction policies to anyone.

8. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## PARTIES

9. Plaintiff is, and has been at all relevant times, a resident and citizen of Chicago, Illinois.

10. Defendant is a Delaware corporation with its headquarters at 8400 East Prentice Avenue, Suite 1320, Greenwood Village, CO 80111. Accordingly, Defendant is a citizen of the states of Delaware and Colorado. Defendant operates numerous for-profit, high-end, private daycare, preschool, kindergarten, and after school programs at campuses located across Illinois and throughout the United States.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because: (i) the proposed class consists of well over 100 members; (ii) the parties are minimally diverse, as members of the proposed class, including Plaintiff, are citizens of a state different from Defendant's home states; and (iii) the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. There are likely thousands of individuals who, while residing in Illinois, had their fingerprints collected and/or stored by Defendant. The

estimated number of Illinois residents who were impacted by Defendant's conduct multiplied by BIPA's statutory liquidated damages figure ($5,000.00 for each intentional or reckless violation and $1,000.00 for each negligent violation) easily exceeds CAFA's $5,000,000.00 threshold.

12.     Defendant is subject to personal jurisdiction in Illinois because the fingerprints that give rise to this lawsuit were and still are (1) collected by Defendant at its facilities in Illinois, (2) stored by Defendant at its facilities in Illinois, and (3) used by Defendant at its facilities in Illinois.

13.     Venue is proper in this District because both Plaintiff and Defendant reside in this District, and because the claims alleged in this lawsuit arose largely in this District.

## FACTUAL BACKGROUND

### I.     Illinois's Biometric Information Privacy Act

14.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

15.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric

> information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

16. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

## II. Defendant Violates Illinois's Biometric Information Privacy Act

17. Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of each parent's or guardian's fingerprints during the initial process of enrolling a child at one of Defendant's Illinois-based facilities, and on each occasion a parent attempts to access the secure portion of one of Defendant's Illinois-based facilities to retrieve their child – all without ever informing anyone of this practice in writing.

18. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed Illinois residents who had their fingerprints collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

19. In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

### III.    Plaintiff Jonathan Carroll's Experience

20.     Plaintiff enrolled his son and daughter in preschool at Defendant's facility located at 2401 Patriot Blvd., Glenview, IL 60026 (the "Glenview Campus").

21.     During the course of enrolling his son and daughter at the Glenview Campus, Defendant required Plaintiff to place his fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

22.     Plaintiff entered the secure area of the Glenview Campus to pick up his children approximately twenty-five (25) times per month.   Plaintiff was required to place his finger on a fingerprint scanner, which scanned, collected and stored his fingerprint each time he entered the Glenview Campus.  Defendant's fingerprint matching technology then compared Plaintiff's scanned fingerprint against the fingerprint previously stored in Defendant's fingerprint database. On each occasion, through the time Plaintiff's children completed their schooling at the Glenview Campus in May 2014, Plaintiff was granted access to the secure area of Defendant's facility to pick up one or both of his children after having his fingerprint scanned.

23.     Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of his unique biometric identifiers or biometric information.

24.     Further, Defendant never provided Plaintiff with nor did he ever sign a written release allowing Defendant to collect or store his unique biometric identifiers or biometric information.

25.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of his unique biometric identifiers or biometric information.

26.     Finally, Defendant never provided plaintiff with a retention schedule and/or guidelines for permanently destroying his biometric identifiers and biometric information.

## CLASS ALLEGATIONS

27.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, and/or disclosed or disseminated, by Defendant.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or his family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28.     **Numerosity**: The number of persons within the Class is substantial, believed to amount to millions of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff.   Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.   Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

29.     **Commonality and Predominance**: There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)  whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(b)  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

(d)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)  whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(f)  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

30.  **Adequate Representation**: Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

31.  **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which

individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

34.     Defendant is a Delaware corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

35.     Plaintiff and the Class members are individuals who had their fingerprint(s), i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

36.     Plaintiff and the Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived

from Plaintiff's and the Class members' fingerprints, that uniquely identifies the individual to whom the fingerprint belongs.

37. Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

38. In fact, Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

39. In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

40. Upon information and belief, Defendant is failing to store and protect from disclosure the biometric identifiers and biometric information of Plaintiff and the Class members by failing to exercise a reasonable standard of care within Defendant's industry, and in a manner at least as protective as the manner in which the business stores, transmits and protects other confidential and sensitive information.

41. Upon information and belief, Defendant is selling, leasing, trading or otherwise profiting from Plaintiff's and the Class members' biometric identifiers and biometric information.

42.     Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff and each Class member to keep private these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

43.     On behalf of himself and the proposed Class members, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonathan Carroll, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B.     Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS l4/1, *et seq.*;

C.     Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00

for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

        D.    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

        E.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

        F.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

        G.    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated:  April 22, 2016                 Respectfully submitted,

                              */s/ Daniel. O Herrera*
                              Jennifer W. Sprengel
                              Daniel O. Herrera
                              **CAFFERTY CLOBES MERIWETHER**
                                    **& SPRENGEL LLP**
                              150 S. Wacker Dr., Suite 3000
                              Chicago, Illinois 60606
                              Phone: (312) 782-4880
                              Facsimile: (312) 782-4485
                              Email: jsprengel@caffertyclobes.com
                                      dherrera@caffertyclobes.com

                              ***Local Counsel for Plaintiff and the Putative Class***

David P. Milian\*
Frank S. Hedin\*
**CAREY RODRIGUEZ MILIAN GONYA, LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
dmilian@careyrodriguez.com
fhedin@careyrodriguez.com

*\*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**